IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 7** |
| | § | |
| **TimeGate Studios, Inc.** | § | **Case No. 13-32527(JB)** |
| | § | |
| **Debtor.** | § | |

**SOUTHPEAK INTERACTIVE CORPORATION'S**
**MOTION TO LIFT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY.  IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS.  IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE.  IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING.  IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING.  EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON JULY 23, 2013 AT 9:30 A.M. IN COURTROOM 600, 6TH FLOOR, 515 RUSK, HOUSTON, TX 77002.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

SouthPeak Interactive Corporation ("SouthPeak"), a creditor of TimeGate Studios, Inc. ("Debtor"), files this Motion to Lift the Automatic Stay ("Motion") pursuant to Bankruptcy Code section 362(d), Federal Rule of Bankruptcy Procedure 4001(a), and Local Bankruptcy Rule 4001-1.  The chapter 7 trustee is unopposed to this Motion.

**I.  PRELIMINARY STATEMENT**

1.      SouthPeak and TimeGate have been in litigation since 2009.  SouthPeak won an arbitration award after two weeks of evidentiary hearings.  The Fifth Circuit affirmed the award.

The Debtor filed a petition for rehearing on April 30, 2013, and filed for bankruptcy the next day.  This bankruptcy case is the only thing preventing the Fifth Circuit from considering the Debtor's petition for rehearing and allowing the litigation to continue to conclusion.  Ample cause under section 362(d)(1) exists to lift the stay to allow the litigation to proceed.  The Trustee does not oppose lifting the stay.  The *Curtis* factors – especially judicial economy – weigh strongly in favor of lifting the stay to allow the pending litigation to proceed.  Finally, the Debtor's bad faith in filing this bankruptcy case provides alternative cause to lift the stay.

## II.  JURISDICTION

2.      The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

3.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

4.      The Court has the authority to grant Motion under 11 U.S.C. § 362(d).

## III. FACTUAL BACKGROUND

5.      On December 10, 2009, the Debtor filed suit against SouthPeak in the United States District Court for the Southern District of Texas in case number 4:09-cv-03958.

6.      On February 10, 2010, the Debtor filed its Second Amended Complaint against SouthPeak, adding SouthPeak's Chairman, Terry Phillips, as a defendant.

7.      On March 3, 2010, SouthPeak filed its answer with affirmative defenses and demanded arbitration pursuant the parties' contract.

8.      On July 19, 2010, the District Court granted SouthPeak's motion to compel arbitration.

9.      On January 5, 2011, the Debtor filed its Second Amended Arbitration Claims, adding SouthPeak's CEO, Melanie Mroz, and Avraham Lipsker, as defendants.

2

10.     On February 25, 2011, SouthPeak filed its consolidated counterclaims against the Debtor in the arbitration for breach of contract, fraud, fraud in the inducement and for declarations relating to the parties' contract.

11.     An evidentiary hearing was held under the auspices of the American Arbitration Association on April 26-29, 2011, and July 12-15, 2011.

12.     On November 3, 2011, the arbitrator awarded the Debtor nothing on its claims, and granted SouthPeak a multi-million dollar award on its counterclaims against the Debtor for, among other things, breach of contract and fraud in the inducement.  A copy of the arbitrator's "Final Award" is attached hereto at Exhibit A.

13.     On December 12, 2011, the Debtor asked the District Court to vacate the arbitral award.  On March 20, 2012, the District Court entered an order vacating the arbitration award.  A copy of the District Court's order is attached hereto at Exhibit B.

14.     On April 9, 2013, the United States Court of Appeals for the Fifth Circuit reversed and remanded the District Court's order.  In a published opinion, a unanimous panel ordered the District Court to reinstate the arbitration award.  *TimeGate Studios, Inc. v. SouthPeak Interactive Corp.*, 713 F.3d 797 (5th Cir. 2013).  A copy of the Fifth Circuit's opinion is attached hereto at Exhibit C.

15.     On April 30, 2013, the Debtor filed petitions for rehearing and rehearing en banc in the Fifth Circuit.  Copies of the petitions appear at Exhibit D and Exhibit E.

16.     On May 1, 2013, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  [Dkt. 1.]

17.     On May 1, 2013, the Debtor filed a Suggestion of Bankruptcy in the Fifth Circuit to give notice of the automatic stay.  A copy of the notice is attached hereto at Exhibit F.

18.     On May 8, 2013, the Court made a finding that the Debtor filed its chapter 11 case in bad faith and ordered the case converted to a case under chapter 7.  May 8, 2013 Tr. 172:14-16 [Dkt. 51].  The Court entered an order converting this case on May 9, 2013.  [Dkt. 31.]

19.     On May 14, 2013, the United States Trustee appointed Rodney D. Tow as chapter 7 trustee ("Trustee") of the Debtor's estate.

20.     On May 29, 2013, SouthPeak filed a proof of claim asserting $9,986,538.90 owed under the arbitration award.  [Claim No. 5.]

21.     On May 29, 2013, the Debtor filed its schedules and statement of financial affairs. The statement of financial affairs lists the SouthPeak litigation as "Pending" in response to Question 4.   [Dkt. 48 at 2.]   Schedule F lists the SouthPeak litigation as "contingent," "unliquidated," and "disputed."  [Dkt. 49-3 at 7.]

## IV.     RELIEF SOUGHT

22.     SouthPeak asks that the Court lift the automatic stay for cause to allow the pending litigation between SouthPeak and the Debtor to continue to conclusion.

23.     On June 24, 2013, the Trustee, through counsel, confirmed that he does not oppose the relief sought in Motion.

## V.     ARGUMENT AND AUTHORITIES

24.     Section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause."

25.     A party opposing relief from the stay bears the burden of proof.  § 362(g)(2).

26.     Courts determine "cause" at their discretion on a case-by-case basis. *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992); *Reitnaur v. Texas Exotic Feline Found., Inc. (In re Reitnaur)*, 152 F.3d 341, 343 n.4 (5th Cir. 1998) (citing *Robbins*).

**A.      Cause Exists to Allow Pending Litigation to Continue to Conclusion.**

27.      To evaluate whether cause exists to lift the stay to allow pending litigation to continue in another forum, courts consider the so-called *Curtis* factors, which include:

(1)    whether the relief will result in a partial or complete resolution of the issues;

(2)    lack of any connection with or interference with the bankruptcy case;

(3)    whether the other proceeding involves Debtor as a fiduciary;

(4)    whether a specialized tribunal has been established to hear the particular cause of action;

(5)    whether the debtor's insurer has assumed full responsibility;

(6)    whether the action primarily involves third parties;

(7)    whether litigation in the other forum would prejudice the interests of other creditors;

(8)    whether the judgment claim arising from the other action is subject to equitable subordination;

(9)    whether movant's success would result in a judicial lien avoidable by the debtor;

(10)   interests of judicial economy and the expeditious and economical resolution of litigation;

(11)   whether the proceedings have progressed to the point that parties are ready for trial; and

(12)   impact of the stay on the parties and the balance of harm.

*In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984); *Sonnax Indus., Inc. v. TRI Component Prod. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990) (applying the *Curtis* factors; *In re Patel*, No. 10-34767, 2010 WL 3239128, at *2 (Bankr. S.D. Tex. 2010) (same).

28.      "Not all factors may be relevant to each case.  Further, the decision to lift the stay may be upheld on judicial economy grounds alone."  *Patel*, 2010 WL 3239128, at *2.

29.      Here, the *Curtis* factors – especially judicial economy – strongly favor lifting the stay to allow the pending litigation between SouthPeak and the Debtor to continue to conclusion.

30.     The litigation between SouthPeak and the Debtor is nearly complete.  A full arbitration on the merits was conducted under the auspices of the American Arbitration Association and resulted in a written "Final Award" with findings of fact and conclusions of law. The only remaining litigation concerns the validity of the award under federal law, which was litigated in the District Court and was resolved by the Fifth Circuit in SouthPeak's favor. Although the Debtor sought rehearing in the Fifth Circuit, it filed for bankruptcy, thus preventing the Fifth Circuit (and the District Court on remand) from finally resolving the litigation.

31.     Lifting the stay will allow complete resolution of the pending litigation between SouthPeak (Factor 1).  The litigation can be resolved without any interference of the bankruptcy case; indeed, resolution of this litigation will remove uncertainty surrounding the validity and amount of SouthPeak's claim in the case (Factor 2).  The litigation involves third parties – specifically SouthPeak officers Melanie Mroz and Terry Phillips (Factor 6).  Allowing litigation in the existing forum would not prejudice other creditors; and, in fact, other creditors would benefit from the administrative efficiency of allowing the case to proceed in the original forum (Factor 7).  Judicial economy is advanced by allowing the case to proceed in the same forum where it has been pending for over three years (Factor 10).  The litigation has already proceeded through trial (arbitration) on the merits and is now on appeal (Factor 11).

32.     The balance of harms (Factor 12) weighs in favor of lifting the stay.  SouthPeak has litigated this issue for over three years and at great expense.  The litigation began when the Debtor filed suit against SouthPeak in the District Court.  Lifting the stay to allow that litigation to proceed in the Debtor's chosen forum would not harm the Debtor.  In contrast, SouthPeak would be harmed by keeping the stay in place, which would delay final conclusion of the

6

litigation in the District Court or, worse, require SouthPeak to relitigate its claims in the Bankruptcy Court at added expense and inconvenience.

33.     The remaining *Curtis* factors are either irrelevant or are neutral.  The litigation involves the Debtor's breach of a contract and fraud in the inducement; it does not involve a claim for breach of fiduciary duty (Factor 3).  There is no specialized tribunal established to hear the litigation (Factor 4).  The Debtor's insurance carrier has not, to SouthPeak's knowledge, accepted responsibility (Factor 5).  SouthPeak's claims arise from a judgment against the Debtor unrelated to the sale of securities are not subject to equitable subordination (Factor 8). SouthPeak does not seek to obtain a judicial lien (Factor 9).

**B.      Cause Exists to Because of Debtor's Bad Faith.**

34.     Alternatively, cause exists to lift the stay when a bankruptcy case has been filed in bad faith.  *In re Little Creek Devel. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986); *In re WGMJR, Inc.*, 435 B.R. 423, 433 n. 12 (Bankr. S.D. Tex. 2010) (*Little Creek*'s holding that "the absence of good faith may constitute cause for lifting of the stay, remains good law,").

35.     Here, the Court found, following hearings on the Debtor's emergency first-day motions, that the case was filed in bad faith.  May 9, 2013 Tr. 172:14-16 [Dkt. # 51] ("I am denying all of the pending motions before me, and find that this case is filed in bad faith and that it should be converted to a Chapter 7.").  This provides separate grounds to lift the stay.

**CONCLUSION**

WHEREFORE, SouthPeak requests that the Court enter an order lifting the automatic stay to allow the litigation pending between SouthPeak and the Debtor to continue to conclusion.

[Signature block on following page.]

Respectfully submitted June 24, 2013.

DIAMOND McCARTHY LLP

By:   */s/ Christopher R. Murray*                .
    Kyung S. Lee (TBN 12128400)
    Christopher R. Murray (TBN 24081057)
    909 Fannin, 15th Floor
    Houston, TX 77010
    Telephone: 713-333-5100
    Facsimile: 713-333-5199
    klee@diamondmccarthy.com
    cmurray@diamondmccarthy.com

*Counsel to SouthPeak Interactive Corp.*

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Erin Jones, proposed general counsel for chapter 7 trustee Rodney Tow, on June 24, 2013, who confirmed that the trustee does not oppose the relief requested in the foregoing motion.

*/s/ Christopher R. Murray*

## CERTIFICATE OF SERVICE

I certify that on June 24, 2013 a copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service.

*/s/ Christopher R. Murray*

8

**SERVICE LIST**

**Debtor:** *(via first class mail)*
TimeGate Studios
14140 Southwest Freeway, Suite 400
Houston, TX  77478

**Debtor's Counsel:** *(via ECF)*
Charles A. Beckham, Jr.

Karl Burrer
Arsalan Muhammad
HAYNES AND BOONE, LLP
1221 McKinney St, Suite 2100
Houston, TX  77010
Email: charles.beckham@haynesboone.com
Email: karl.burrer@haynesboone.com
Email: arsalan.muhammad@haynesboone.com

**U.S. Trustees:** *(via ECF)*
Christine A. March
United States Trustee
515 Rusk Avenue
Houston, TX  77002
Email: christine.a.march@usdoj.gov

Nancy Lynne Holley
U S Trustee
515 Rusk St., Ste 3516
Houston, TX 77002
Email: nancy.holley@usdoj.gov

**Chapter 7 Trustee:** *(via ECF)*
Rodney Tow
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
Email: rtow@towkoenig.com

Erin E. Jones, on behalf of Rodney Tow,
Trustee
Jones Morris Klevenhagen, LLP
6363 Woodway, Suite 570
Houston, TX 77057

**Pre-Petition/DIP Lenders:**
*(via first class mail)*
Alan B. Chaveleh 18
Windsor Place

Sugar Land, TX  77478
Morteza Baharloo
3032 San Felipe
Houston, TX  77019

**Chief Restructuring Officer:** *(via ECF)*
John T. Young, Jr.
Maggie D. Conner
CONWAY MACKENZIE, INC.
1301 McKinney Street, Suite 2025
Houston, TX  77010
Email:  jyoung@conwaymackenzie.com
Email:  mconner@conwaymackenzie.com

**Parties Requesting Notice:** *(via ECF)*

Shawn M Christianson, on behalf of Creditor
Oracle America, Inc.
Shawn M. Christianson, Esq.
Buchalter Nemer, A Professional Corporation
55 Second Street, 17th Floor
San Francisco, California 94105-3493
Email: schristianson@buchalter.com

John P Dillman, on behalf of Creditor Fort
Bend County
LINEBARGER GOGGAN BLAIR &
SAMPSON, LLP
P.O. Box 3064
Houston, TX 77253-3064
Email: Houston_bankruptcy@publicans.com

Yolanda M Humphrey, on behalf of Creditor
Fort Bend Independent School District
Perdue, Brandon, Fielder, Collins & Mott, LLP
1235 North Loop West, Suite 600
Houston, TX 77008
Email: houbank@pbfcm.com,
Email: tpope@pbfcm.com

Ariadne Montare, on behalf of Creditor Healix
Infusion Therapy, Healix Place, Inc., Healix
Inc.
1221 McKinney, Suite 3460
Houston, Texas 77010
Email: amontare@azalaw.com,
Email: nmai@azalaw.com

**SERVICE LIST**

Jesse Tyner Moore, on behalf of Creditor Epic
Games, Inc.
HUNTON&WILLIAMS,LLP
111 Congress Avenue, Suite 510
Austin, Texas 78701
Email: jtmoore@hunton.com

Owen Mark Sonik, on behalf of Creditor Fort
Bend Independent School District
Perdue, Brandon, Fielder, Collins & Mott, LLP
1235 North Loop West, Suite 600
Houston, TX 77008
Email: osonik@pbfcm.com

Joshua W. Wolfshohl, Aaron J. Power
on behalf of Creditor Alan Chaveleh
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Email: jwolfshohl@porterhedges.com,
Email: apower@porterhedges.com

John Zavitsanos, on behalf of Creditor Healix
Place, Inc., Healix Inc., Healix Infusion
Therapy
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.
1221 McKinney, Suite
3460, Houston, Texas 77010
Email: jzavitsanos@azalaw.com