THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| TimeGate, Inc. | § § § § | Case No. 13-32527<br>(Chapter 7) |
| Debtor. | § | |

**EXPEDITED MOTION TO SELL FURNITURE FIXTURES AND EQUIPMENT FREE AND CLEAR OF ALL LIENS CLAIMS AND ENCUMBRANCES <u>PURSUANT TO 11 U.S.C. § 363(F)</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NTOICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**TO THE HONORABLE JEFF BOHM, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Rodney Tow, chapter 7 trustee ("Trustee") for the above-styled and numbered bankruptcy case files this Expedited Motion to Sell Furniture Fixtures and Equipment Free and Clear of all Liens Claims and Encumbrances Pursuant to 11 U.S.C. § 363(f) (the "Motion") and respectfully represents as follows:

## I.     Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Court has Constitutional authority to enter a final order as to this Motion because Non-Article III tribunals may exercise authority and resolve rights closely integrated into a public regulatory scheme. *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 593 (1985). The United States Bankruptcy Code ("Code") is a public scheme for restructuring debtor-creditor relations which, by necessity, includes exercising exclusive jurisdiction over a debtor's property. *See Cent. Va. Cmty. v. Katz,* 546 U.S. 356, 363-364 (2006). This matter involves the appointed Trustee's request to sell estate property. The Trustee's ability to sell estate property is established by the Code and is central to the public bankruptcy scheme. Based upon the foregoing, the Supreme Court's opinion in *Stern v. Marshall,* 131 S.CT. 2594 (2011) is inapplicable and the Court has Constitutional authority to enter a final order for the relief requested in this Motion.

## II.     Background

3. This case was commenced by Timegate Studios, Inc. (the "Debtor") by filing a voluntary petition under chapter 11 of the Bankruptcy Code on May 1, 2013 ("Petition Date").

2

3368201v1

4.      On May 9, 2013, the Court entered an order converting this case to a case under chapter 7 of the Bankruptcy Code (Docket No. 31) pursuant to 11 U.S.C. § 706.

5.      Rodney Tow was appointed the chapter 7 trustee ("Trustee") in this case on May 14, 2013.

6.      The Debtor filed Schedules and Statement of Financial Affairs on May 29, 2013 (Docket Nos. 48 and 49).

7.      Schedule B identifies office furniture, equipment and supplies valued by the Debtor at $25,000 in response to question no. 28 on Schedule B (Docket No. 49 at page 7 of 15). An itemized list of that property is attached to Schedule B (Docket No. 49-1 at pgs. 5-10 and Docket No. 49-2 at pgs. 1-6) and is attached to this Motion as Exhibit "A." For purposes of this Motion, the items listed on the attached Exhibit "A" shall be referred to as "FF&E."

8.      The Trustee sought the assistance of Bill Webster ("Webster") of Webster's Auction Palace, Inc. to appraise the FF&E.[1] Webster inspected the FF&E on May 20, 2013 and was accompanied by the Debtor's representative.[2] Webster appraised the FF&E at approximately $16,000 - $20,000. Webster estimated the costs of sale (commission) would be 15% of the sale price plus expenses (apx. $2,000). Webster further estimated the cost of moving the FF&E would be $6,800 and the cost of storage would be $100 per day.

9.      The Debtor leased space at 14140 Southwest Freeway Suite 250, Sugarland, Texas 77476 from Healix Place, L.P. ("Healix Place") pursuant to a lease agreement dated January 14, 2012 ("Lease" together with any amendments thereto). Healix Place is a single

---

[1] An application to employ Bill Webster will be filed prior to the hearing on this Motion.
[2] Webster identified the following items in the FF&E: (i) 6 break room tables; (ii) 20 chairs; (iii) 2 flat screen televisions; (iv) 2 leather sofas; (v) 2 stainless steel refrigerators; (vi) 2 microwaves; (vii) 71 work stations; (viii) 122 computers; (ix) 50 office chairs; (x) conference room furniture; (xi) approximately 100 defective flat screen televisions. To the extent any of these items are not listed in Schedule B, they are included in the definition of FF&E as defined herein and the Trustee is seeking authority to sell these items to Healix Place pursuant to this Motion.

3

3368201v1

purpose entity whose primary function is to serve as a landlord for the leased premises. Healix Place is a domestic limited partnership whose general partners are ES Consulting, L.C., Healix Management AC, L.C., Healix Management MB, L.C. and FFC Consulting, L.C.. Alan Chaveleh and Mort Baharloo have an interest in Healix Place through its general partners. Alan Chaveleh and Mort Baharloo are "insiders" as that term is defined in §101(31) of the Bankruptcy Code. The connection is explained for purposes of disclosure to the Court and interested parties.

10. The Trustee received an offer from Healix Place to purchase the FF&E. The Trustee then entered into negotiations with Healix Place regarding the purchase of FF&E to ensure the most value to the estate from the sale of FF&E. The result was an offer from Healix Place to purchase the FF&E on the following terms, which the Trustee accepted subject to this Court's approval:

    a. Healix Place will pay the estate a $7,000.00 cash payment within two (2) business days from entry of a final non-appealable order approving the sale ("Sale Proceeds");
    b. Healix Place will waive all claims against the estate including without limitation any pre-petition claim, all administrative claims, and/or any lease rejection claim against the estate through the date of closing ("Claim Waiver");
    c. Healix Place, Alan Chavaleh, and Mort Baharloo waive lien rights, if any, as to the FF&E sold under this Motion and to the Sale Proceeds;
    d. The Estate will release Healix Place from any claims related to or arising out of the Lease only;
    e. The Trustee shall have 30 days from his receipt of the Sales Proceeds to save and remove all electronic data, belonging to the estate, stored on computers sold to Healix Place pursuant to this agreement.
    f. On the date of receiving written confirmation that the Trustee has saved and removed all electronic data from the computers sold pursuant to this Motion(but no later than thirty (30) days from receipt of the Sales Proceeds), Healix Place shall not (i) retain a copy of any data on any computers sold under this Order; or (ii) have any further obligations of any kind regarding the preservation of electronic data contained on the computers sold under this agreement.
    g. The Lease is rejected effective on the date of the closing of the sale contemplated under this agreement.

4

3368201v1

11. Another prospective buyer inquired about purchasing the FF&E and information regarding the property was provided to them. This other prospective buyer did not make an offer to the Trustee to purchase the FF&E.

12. Expressly excluded from the sale is any electronic data located on any computer purchased by Healix Place. As set forth above, Healix Place has agreed to allow the Trustee to obtain a copy of any data on any computer sold to Healix Place and to allow the Trustee to ensure that all data is safely removed from the computers before use by any other party. There is likely confidential and proprietary data stored on the computers which will be identified and removed prior to use by any party. Healix Place agrees not to retain a copy of any data on those computers.

13. The only claims released in connection with this sale are claims of the estate against Healix Place relating to or arising out of the Lease and all claims of Healix Place against the estate. All other claims against any other person or entity of whatever type, kind or character are expressly preserved and are not released in connection with this sale.

### III.     Arguments and Authorities

14. Based upon the research performed by professionals for the estate and discussions with potential buyers, the Trustee believes the consideration offered by Healix Place to purchase the FF&E is fair and reasonable and in the best interest of creditors.

15. The fair market value of the FF&E is likely between $16,000 and $20,000. After deducting the estimated costs of sale and the cost to move and store the equipment, the Trustee believes a sale of the FF&E in a regular auction would net the estate less than $7,000.

16. Under the terms of the proposed sale to Healix Place, the estate will net approximately $6,300 from the cash proceeds ($7,000 less the 10% commission to Webster) and

3368201v1

the estate will also be relieved of at least $72,000 in administrative claims that might be asserted against the estate by Healix Place for post-petition rents and lease rejection damages as well as any prepetition claim. Thus, there is substantial value to the estate in proceeding with this sale to Healix Place.

17. The value to the estate under the terms of the proposed sale greatly exceeds the appraised value of the FF&E and the net economic result for the estate under the proposed sale exceeds the net economic result if the FF&E was sold in an auction to a different purchaser. Not having to relocate the property in order to sell it will result in a substantially better return to the estate than moving the property and selling it at an auction.

18. Fort Bend I.S.D. is in the process of finalizing taxes due from the Debtor relating to the FF&E. The Trustee seeks authority under this motion to pay the taxing authorities from the FF&E sale proceeds upon receipts of a final bill from the taxing authorities without the need for further Court order. Additionally, the Trustee is requesting an order that attaches any existing taxing authority's lien to the sale proceeds and preserves it in the same order and priority under Texas law.

19. In evaluating a sale of property free and clear of all liens and claims, a court must balance the need for flexibility with the concern of affected creditors. *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.; In re Beker Indus. Corp.*, 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986). The Trustee believes that this sale conforms to these requirements, and that the proposed sale is the best available option available to the estate. The Trustee further believes that the proposed sale is in the best interest of the estate and its creditors

3368201v1

because the estate will realize a greater economic benefit under this sale than it would if an auction were conducted.  The Trustee is not aware of any liens on the FF&E other than liens asserted by Alan Chaveleh, Mort Baharloo, and Healix Place, Inc.  Those parties have waived any claim as to the proceeds from the sale contemplated by this Motion.

20. As part of the consideration for purchasing the FF&E, the Estate has agreed to seek Court approval to reject the Lease.

21. The Trustee seeks authority from the Court to reject the Lease pursuant to 11 U.S.C. § 365(a) of the United States Bankruptcy Code ("Bankruptcy Code").  The Debtor has ceased operations and there is no benefit to the Estate to assume the Lease and maintain the leased premises.

22. 11 U.S.C. § 365(a) of the Bankruptcy Code states in pertinent part that:

> Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

23. The decision as to whether to reject an executory contract is left to the sound business judgment of the debtor.  *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309 (5th Cir.1985) (stating that "[i]t is well established that 'the question whether a lease should be rejected ... is one of business judgment.'"); *In re Pilgrim's Pride Corp.*, 467 B.R. 871, 877 (Bankr.N.D.Tex. 2012); *Lubigol Enterprises, Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046-47 (4th Cir. 1985); *Phar-Mor, Inc. v. Strauss Building Associates*, 204 B.R. 948, 954 (Bankr.N.D.Ohio 1977).  Under the business judgment rule, the Court should "presume that the debtor acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate."  *In re Pomona Valley Med. Group*, 476 F.3d 665, 670 (9th Cir. 2007)(citations omitted).  The Court should thus approve the

requested rejection unless the decision is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice. *Id.*

24. The Lease and the mutual benefits in it to both the Debtor and Healix Place are no longer of any advantage to the Estate due to the cessation of the Debtor's operations. The Debtor is in a state of liquidation. For this reason the Trustee sees no advantage to the Estate retaining or assuming the Lease. Accordingly, the Trustee seeks to reject the Lease pursuant to 11 U.S.C. § 365(a).

25. For the foregoing reasons, the Trustee respectfully requests that the Court authorize the Trustee to sell the FF&E to Healix Place and reject the Lease under the terms described herein.

### IV. Basis for Expedited Relief

26. As a part of the terms of the sale, Healix Place requested expedited consideration of the proposed sale. Healix Place represented to the Trustee's counsel that the need for expedited consideration was to cut off further post-petition rents and to mitigate its loss by leasing the space to a new tenant. Given that an expedited setting is a condition of the proposed sale, the Trustee requested relief on an expedited basis.

27. This motion is not an emergency requiring a hearing immediately; rather the Trustee seeks a hearing before 21 days for the reasons stated herein. The Trustee is attending the NABT conference in West Virginia from August 7 to August 10, 2013. The Trustee requests a hearing toward the end of the week of August 12, 2013 or at the Court's earliest convenience thereafter.

3368201v1

**Prayer**

WHEREFORE, Rodney Tow, Chapter 7 Trustee respectfully requests that the Court enter an order authorizing the sale of furniture, fixtures and equipment on the attached Exhibit "A" free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f), rejecting the Lease, and for such other and further relief which is just and proper.

Dated: August 6, 2013.

Respectfully submitted,

JONES MORRIS KLEVENHAGEN, LLP
By: /s/ Erin E. Jones
Erin E. Jones
Texas Bar No. 24032478
erin@jonesmorris.com
6363 Woodway, Suite 570
Houston, Texas 77057
Telephone: 713-589-5061
Facsimile: 713-589-5513

**COUNSEL FOR THE CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion was served by electronic mail and/or by U.S. Mail, postage prepaid, on or before the 6th day of August 2013 on those parties listed on the Limited Service List attached hereto and approved by the Court at Docket No. 62.

*/s/ Erin E. Jones*
Erin E. Jones

**VERIFICATION REGARDING EXPEDITED RELIEF**

Undersigned counsel verifies that the reasons stated in section IV above for requesting emergency relief are true and correct to the best of her knowledge.

*/s/ Erin E. Jones*
Erin E. Jones

9

3368201v1