THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| TimeGate Studios, Inc. § | Case No. 13-32527 |
| § | (Chapter 7) |
| § | |
| Debtor. § | |

**EMERGENCY MOTION TO AUTHORIZE TRUSTEE TO ENTER INTO CONFIDENTIALITY AGREEMENT**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NTOICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE JEFF BOHM, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Rodney Tow, chapter 7 trustee ("Trustee") for the above-styled and numbered bankruptcy case files this Emergency Motion to Authorize Trustee to Enter into Confidentiality Agreement (the "Motion") and respectfully represents as follows:

### I.     Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.     Background

2. Timegate Studios, Inc. (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code on May 1, 2013 ("Petition Date").

3. On May 9, 2013, the Court converted this case to a case under chapter 7 of the Bankruptcy Code (Docket No. 31) pursuant to 11 U.S.C. § 706.

4. Rodney Tow was appointed the chapter 7 trustee ("Trustee") in this case on May 14, 2013.

5. The Debtor filed Schedules and Statement of Financial Affairs on May 29, 2013 (Docket Nos. 48 and 49). The Schedules identify various intellectual property assets belonging to the Debtor.

6. The Court entered an order authorizing the Trustee to employ Birthplace Management Group ("BMG") as broker/agent for the marketing and sale of intellectual property assets. *See* Order at Docket No. 102.

7. BMG is actively marketing the Debtor's intellectual property assets and prospective buyers have asked for certain confidential information as part of their due diligence. In particular, certain prospective buyers want to review the "source code" for certain games to

3365796v1

determine if they are interested in making a bid.  Any source code developed by the Debtor would be proprietary and confidential information.

8. Additionally, it may be necessary for the Trustee to obtain the assistance of third parties with the requisite technical knowledge to assist in making the source code available to prospective buyers for review and to make certain video games available in a "playable" platform so that prospective buyers can experience certain games and determine if they are interested in submitting an offer to purchase those assets.  Any such information disclosed to any service provider would be proprietary and confidential information.

### III.  Relief Requested and Basis for Expedited Relief

9. The Trustee requests authorization to enter into a confidentiality agreement with any prospective buyer and/or service provider who receives confidential or proprietary information from the Trustee.  The Trustee believes that it is in the best interests of the estate to protect this information and to keep it confidential.  To provide this information without such protections could expose the estate to the risk of diminution in value of key assets.

10. The Trustee request authority to enter into a confidentiality agreement in the form attached hereto as Exhibit "A."

11. The Trustee requests expedited consideration of this Motion.  There are prospective buyers who are interested in submitting a bid to purchase assets of the Debtor but are on a very short fuse to determine the viability of the Debtor's assets for their business.  The Trustee believes it is necessary to enter into a confidentiality agreement before sharing any confidential information with any prospective buyer or service provider.  The Trustee believes it is in the best interests of the estate to explore a possible sale with any prospective buyer.  Given the prospective buyer's short time frame to make a decision, the Trustee must act immediately to

maintain their interest in acquiring certain intellectual property assets of the Debtor. Accordingly, the Trustee requests expedited consideration of this Motion. If the Court determines that a hearing is necessary for the relief requested herein, the Trustee and counsel are available at the Court's earliest convenience with the exception of one scheduling conflict for Ms. Jones from 8:30 a.m. until 10:00 a.m. on Friday, September 6, 2013.

## Prayer

WHEREFORE, Rodney Tow, Chapter 7 Trustee respectfully requests that the Court enter an order authorizing the Trustee to execute the attached Confidentiality Agreement and for such other and further relief which is just and proper.

Dated: September 5, 2013.

>Respectfully submitted,
>
>JONES MORRIS KLEVENHAGEN, LLP
>By: /s/ Erin E. Jones
>Erin E. Jones
>Texas Bar No. 24032478
>erin@jonesmorris.com
>6363 Woodway, Suite 570
>Houston, Texas 77057
>Telephone: 713-589-5061
>Facsimile: 713-589-5513
>
>**COUNSEL FOR THE CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served by electronic mail and/or by U.S. Mail, postage prepaid, on or before the 5th day of September 2013 on those parties listed on the Limited Service List attached hereto and approved by the Court at Docket No. 62.

*/s/ Erin E. Jones*
Erin E. Jones

## VERIFICATION REGARDING EXPEDITED RELIEF

Pursuant to the local bankruptcy rules, the undersigned counsel verifies that the reasons stated in section III above for requesting emergency relief are true and correct to the best of her knowledge.

*/s/ Erin E. Jones*
Erin E. Jones