

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/21/2013

| | | |
|---|---|---|
| In re: | § § | |
| TimeGate Studios, Inc. | § § | Case No. 13-32527 (Chapter 7) |
| Debtor. | § § | |

### ORDER AUTHORIZING SALE OF KOHAN IP AND MISCELLANEOUS IP ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(f)

The Court has considered the Trustee's Motion to Sell Kohan IP and Miscellaneous IP Assets Free and Clear of all Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. § 363(f) (the "Motion"), any responses or objections filed thereto, and any arguments and evidence presented. The Court makes the following factual findings:

1. The Trustee and Alan Chaveleh ("Chaveleh") have negotiated at arm's length and in good faith the proposed sale described in the Motion.

2. The Trustee has exercised sound business judgment in agreeing to the sale described in the Motion.

3. The sale described in the Motion is in the best interest of creditors in this bankruptcy case.

4. Adequate notice of the Motion and any hearing on the Motion has been given to the parties set forth on the Limited Service List pursuant to the Court's Order Limiting Notice at Docket No. 62 and any other person entitled to receive notice of this Motion under the rules.

5. Any findings of fact and conclusions of law made by the Court on the record (if any) are incorporated pursuant to FED. R. BANKR. P. 7052.

6. The Court has jurisdiction over this sale pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(N) and (O).

7. The Court has constitutional authority to enter a final order approving the proposed sale set forth in the Motion.

Accordingly, it is hereby:

1. ORDERED that the Motion is granted; and it is further

2. ORDERED that any objection that has not been withdrawn is overruled; and it is further

3. ORDERED that the Trustee is authorized to sell the Kohan IP[1] and Miscellaneous IP[2] to Alan Chaveleh; and it is further

4. ORDERED that Alan Chaveleh shall pay the Trustee the sum of forty thousand ($40,000) cash upon entry of a final non-appealable order approving the sale of the Kohan IP and Miscellaneous IP; and it is further

5. ORDERED that Alan Chaveleh shall execute all necessary lien releases with respect to the cash proceeds paid to the estate and the $75,000 release of lien paid as consideration for the sale of the Kohan IP and Miscellaneous IP; and it is further

6. ORDERED that Healix Place, Inc., Alan Chaveleh, and Morteza Baharloo each waive any lien interest in the cash proceeds received by the estate for the sale of Kohan IP and Miscellaneous IP to Alan Chaveleh; and it is further

7. ORDERED that the sale of the Kohan IP and Miscellaneous IP shall be free and clear of all liens, claims, interests and encumbrances, if any; with such liens, claims, interests, and encumbrances attaching to the proceeds of the sale; provided, however that the Trustee may offset any such claim with the costs of the sale; and it is further

8. ORDERED that the liens of any taxing authorities on the property to be sold shall attach to the proceeds of sale in the same priority they have under Texas law and the Trustee is authorized to pay the taxing authorities from the

---

[1] All intellectual property, programming tools, source code, websites, web domains, ancillary rights, marks, concepts, copyrights, revenue streams, artwork, audio writings, patents, trademarks and any other rights or property of the Debtor, in or relating to the Kohan franchise including (i) Kohan: Immortal Sovereigns; (ii) Kohan: Ahriman's Gift; and (iii) Kohan II (collectively the "Kohan IP").

[2] All intellectual property, programming tools, source code, websites, web domains, ancillary rights, marks, concepts, copyrights, revenue streams, artwork, audio writings, patents, trademarks and any other rights or property of the Debtor, as well as both realized and unrealized pitches, concepts, ideas, techniques, "know how", game playing mechanics and processes, not otherwise covered or related to Section 8, Prejudice, Kohan, or Minimum (collectively the "Miscellaneous IP").

proceeds of the sale upon receipt of a final bill or filed proof of claim without need for further order of the Court; and it is further

9. ORDERED that the Kohan IP and Miscellaneous IP is sold to Alan Chaveleh "AS IS WHERE IS" and "WITH ALL FAULTS"; and it is further

10. ORDERED that all parties to this sale shall execute and deliver all documents and shall take all other actions reasonably necessary to effectuate the intent of the sale; and it is further

11. ORDERED that the Court retains exclusive jurisdiction to the maximum extent provided by law, with respect to all matters, disputes, adversary proceedings or contested matters arising from or related from or related to the implementation, interpretation, and enforcement of this Order and related to the sale of the Kohan IP and Miscellaneous IP to Alan Chaveleh.

Dated: __Nov. 21__, 2013.

_____
HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE