THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **TimeGate Studios, Inc.** | § | **Case No. 13-32527** |
| | § | **(Chapter 7)** |
| Debtor. | § | |

**AGREED ORDER AUTHORIZING SALE OF MINIMUM IP AND
SECTION 8 IP ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,
<u>INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(f)</u>
[Dkt. Nos. 156, 158, 159, 164]**

The Court has considered the Trustee's Motion to Sell Minimum IP and Section 8 IP Assets Free and Clear of all Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. § 363(f) (the "Motion") [Dkt. No. 156], the responses or objections filed thereto, and the arguments and evidence presented, and the agreement of the parties as reflected in this Agreed Order. The Court makes the following factual findings:

1. The Trustee and Atari, S.A. ("<u>Atari</u>") have negotiated at arm's length and in good faith the proposed sale described in the Motion.

2. CNH Partners LLC and AQR Capital Management LLC have agreed to withdraw their objection to the Motion [Dkt. No. 159] and their supplemental objection to the Motion [Dkt. No. 164] upon entry of this Agreed Order.

3. The Trustee has exercised sound business judgment in agreeing to the sale described in this Agreed Order.

4. The sale described in this Agreed Order is in the best interest of creditors in this bankruptcy case.

5. Adequate notice of the Motion and any hearing on the Motion has been given to the parties set forth on the Limited Service List pursuant to the Court's Order Limiting Notice at Docket No. 62 and any other person entitled to receive notice of this Motion under the rules.

6. Any findings of fact and conclusions of law made by the Court on the record (if any) are incorporated pursuant to FED. R. BANKR. P. 7052.

7. The Court has jurisdiction over this sale pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(N) and (O).

8. The Court has constitutional authority to enter a final order approving the proposed sale set forth in the Motion.

Accordingly, it is hereby:

1. ORDERED that any objection to the Motion that has not been withdrawn is overruled; and it is further

2. ORDERED that the Trustee is authorized to sell the Minimum IP[1] and Section 8 IP[2] to Atari as set forth in this Agreed Order; and it is further

3. ORDERED that Atari shall pay the Trustee cash consideration as follows: $15,000 upon this Agreed Order becoming final and non-appealable; $10,000 upon effective termination of the royalty-fee, perpetual license of the intellectual property rights in and to the Section 8 game under the Award[3] (the "Award License"); $25,000 within 30 days of release of Minimum on Steam or any other platform; and $25,000 within one year of release of Minimum on Steam or any other platform; provided, however, that these cash payments are not advances and are not recoupable by Atari; and it is further

---

[1] All intellectual property, programming tools, source code, websites, web domains, ancillary rights, marks, concepts, copyrights, revenue streams, artwork, audio writings, patents, trademarks and any other rights or property of the Debtor, in or relating to the Minimum franchise (collectively the "Minimum 8 IP").

[2] All intellectual property, programming tools, source code, websites, web domains, ancillary rights, marks, concepts, copyrights, revenue streams, artwork, audio writings, patents, trademarks and any other rights or property of the Debtor, in or relating to the Section 8 franchise including: (i) Prejudice; and (ii) Section 8 (collectively the "Section 8 IP").

[3] Final Award, Findings of Fact And Conclusions of Law American Arbitration Association, dated November 3, 2011, Case No. 12-20256; TIMEGATE STUDIOS, INCORPORATED, Plaintiff-Appellee v. SOUTHPEAK INTERACTIVE, L.L.C.; GONE OFF DEEP, L.L.C., doing business as Gamecock Media Group; SOUTHPEAK INTERACTIVE CORPORATION; TERRY M. PHILLIPS, Defendants-Appellants v. MELANIE MROZ, Appellant, and Appeal No. 12-20256 of April 9, 2013, TIMEGATE STUDIOS, INCORPORATED, Plaintiff-Appellee v. SOUTHPEAK INTERACTIVE, L.L.C.; GONE OFF DEEP, L.L.C., doing business as Gamecock Media Group; SOUTHPEAK INTERACTIVE CORPORATION; TERRY M. PHILLIPS, Defendants-Appellants v. MELANIE MROZ, Appellant

4. ORDERED that Atari shall pay the Estate, in addition to the cash consideration described above, a 20% (twenty percent) "Royalty" (as defined below) on the Minimum and Section 8 games as provided herein; and it is further

5. ORDERED that the Royalty shall be 20% of "Net Revenue," where Net Revenue is equal to the "Gross Sales" less "Cost of Sales" less "Other Costs." Such terms shall be defined as follows: (a) Gross Sales means the revenue realized by the first party to sell the game to the end user; (b) Cost of Sales means (x) where the game is sold to the end user by any party other than Atari, that portion of Gross Sales retained by the selling party (for example, where a game is sold to the end user by Steam, Cost of Sales will be the amount retained by Steam in connection with the sale); and (y) where the game is sold by Atari to the end user, or (without duplication with (x) above), when Atari receives cash in connection with any other form of exploitation of the game, (1) the actual cash costs paid to third parties by Atari for sales processing costs (*e.g*., credit card transaction fees) plus (2) any sales, value-added or other similar taxes; and (c) Other Costs means all other cash amounts paid by Atari to third parties relating to the development, advertising and distribution of the Minimum and Section 8 games, plus all other amounts not otherwise falling within the definition of "Cost of Sales"; *provided, however*, that Other Costs shall not exceed 20% of Gross Revenue less Cost of Sales, nor shall Other Costs include any internal costs or costs paid to affiliated parties; *and further provided, however*, that Net Revenue shall not include amounts paid in connection with the Award License or amounts paid in connection with sales of the game that are neither licensed nor authorized by Atari or its assignee. The following examples illustrate the above concepts:

**Example A**: Atari contracts with Steam to market the game. Steam reports sales of $100 and retains $20, paying Atari $80. Gross Sales would be $100, Cost of Sales would be $20 and Net Revenue would be $80. The Royalty in this example is $16.

**Example B**: Atari sells the game itself to end users for $100, while incurring credit card processing fees of $10, and development and marketing costs of $9. Gross Sales would be $100, Cost of Sales would be $10, Other Costs would be $9. Net Revenue would therefore be $81, and the Royalty would be $16.20.

>    **Example C**:  Atari sells the game itself to end users for $100, while incurring credit card processing fees of $10, and development and marketing costs of $20.  Gross Sales would be $100 and Cost of Sales would be $10.  Other Costs would be capped at $18, which is 20% of Gross Sales less Cost of Sales.  Net Revenue would therefore be $72, and the Royalty would be $14.40.

6. ORDERED that Royalties shall be calculated on a cash basis (as opposed to an accrual basis) and shall be reported and paid to the Estate no less frequently than monthly;

7. ORDERED that Atari must obtain its own license agreements from Epic Games, Inc. ("Epic") and the Epic Agreements with the Debtor[4] are hereby rejected; and it is further.

8. ORDERED that Atari shall transfer back to the Estate any and all interest and ownership of the Minimum IP (including any improvements, additions, changes) if Atari does not release the game within 18 months of closing the proposed sale and delivery of the intellectual property; and it is further

9. ORDERED that the sale of the Minimum IP and Section 8 IP shall be free and clear of all liens, claims, interests and encumbrances, including but not limited to any such liens, claims, interests, and encumbrances attaching to the proceeds of the sale; provided, however, that the Trustee may offset any such claim with the costs of the sale; and it is further

10. ORDERED that the liens of any taxing authorities on the property to be sold shall attach to the proceeds of sale in the same priority they have under Texas law and the Trustee is authorized to pay the taxing authorities from the proceeds of the sale upon receipt of a final bill or filed proof of claim without need for further order of the Court; and it is further

11. ORDERED that the Minimum IP and Section 8 IP is sold to Atari "AS IS WHERE IS" and "WITH ALL FAULTS"; and it is further

12. ORDERED that all parties to this sale shall execute and deliver all documents and shall take all other actions reasonably necessary to effectuate the intent of the sale; and it is further

---

[4] The agreements to be rejected include: (i) Unreal® Engine 3 License Agreement dated March 3, 2005; (ii) Unreal® Engine 3 Support Agreement dated August 27, 2010; and (iii) Unreal® Engine 3 License Agreement dated March 18, 2013 (collectively the "Epic Agreements").

13. ORDERED that the transfer of the Minimum IP and Section 8 IP constitutes a legal, valid and effective transfer of the same, and shall vest Atari with all right, title and interest in and to the Minimum IP and the Section 8 IP; and it is further

14. ORDERED that the consideration provided by Atari hereunder is hereby deemed to be and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act and under all other applicable state and federal law and the District of Columbia, and may not be avoided under section 363(n) of the Bankruptcy Code; and it is further

15. ORDERED that Atari constitutes, and is, a good faith purchaser of the Minimum IP and the Section 8 IP within the meaning of section 363(m) of the Bankruptcy Code, and is entitled to all of the protections afforded thereby; and it is further

16. ORDERED that the Court retains exclusive jurisdiction to the maximum extent provided by law, with respect to all matters, disputes, adversary proceedings or contested matters arising from or related from or related to the implementation, interpretation, and enforcement of this Order and related to the sale of the Minimum IP and Section 8 IP to Atari; and it is further

17. ORDERED that Atari shall provide the Trustee copies of reports provided by Steam or other platform distributors and copies of all account and sales statements to facilitate the Trustees verification of amounts due under this Agreed Order; and it is further

18. ORDERED that notwithstanding anything in this Agreed Order to the contrary, this Agreed Order shall have no effect on the Award License, which is not terminated, rejected, abridged, or otherwise impaired by virtue of this Agreed Order or the relief granted in this Agreed Order

19. ORDERED that the Trustee is authorized to pay the out of pocket expenses of Rob Edgar/Birthplace Management Group without the need for further order of the this Court in the amount of $1,435.05.

Dated: _____, 2013.

_____
HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

JONES MORRIS KLEVENHAGEN LLP

  */s/ Erin E. Jones*                           .
Erin E. Jones
Texas Bar No. 24032478
erin@jmkllp.com
6363 Woodway Suite 570
Houston, TX 77057
Tel. (713) 589-5513
Fax: (713) 589-5513

*Counsel for Rodney Tow, Chapter 7 Trustee*


LOOPER REED & McGRAW P.C.

  */s/ Jason S. Brookner*                   .
Jason S. Brookner
Texas Bar No. 24033684
jbrookner@lrmlaw.com
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332

*Counsel for Atari S.A.*

**AGREED AS TO FORM:**

DIAMOND McCARTHY LLP

*/s/ Christopher R. Murray* .
Christopher R. Murray
Texas Bar No. 24081057
cmurray@diamondmccarthy.com
909 Fannin, 15th Floor
Houston, TX 77010
Tel. 713-333-5116
Fax. 713-333-5199

*Counsel for CNH Partners LLC and
AQR Capital Management LLC*